## No. 5346.

### JAMES BURNS *v.* THE STATE.

1. MISDEMEANOR—CHARGE OF THE COURT.—An erroneous charge of the court in a misdemeanor case is not cause for reversal, unless the same was excepted to when it was given.

2. AGGRAVATED ASSAULT—EVIDENCE.—See the statement of the case for evidence, which, in view of the other facts in proof, should have been admitted on the trial of the accused for an aggravated assault.

APPEAL from the County Court of Kinney.   **Tried below** before the Hon. J. F. Robinson, County Judge.

The conviction was for an aggravated assault on Mrs. N. Morgan, and the penalty assessed was a fine of twenty-five dollars.

By Mrs. Morgan, the prosecutrix, the State proved in substance that, on the day alleged in the indictment, and while she was in her dressing room arranging her toilet, the defendant tapped at her front door.   Thinking her visitor to be a little girl of her acquaintance, she called out: "What do you want? I am dressing."   Defendant then stepped into the house, closed the front door, locked it, and advanced toward witness's room. Witness said to him: "What do you want?"   He asked in reply: "Is Sergeant Morgan at home?"   Witness replied: "You know he is not, you scoundrel.   Leave here or I will shoot you." Defendant advanced toward witness's room and said: "Don't get excited."   Witness then got her revolver and threatened to shoot defendant, and defendant drew his pistol, presented it at witness and said: "Hush up or I will shoot you and your d—d baby too."   Witness becoming frightened, fled through the back door to the house of a neighbor, and defendant left.   She denied that on the same day, and on the day after the alleged assault, she told Jane Ward and Lucy Scott that defendant said nothing to her; "the dirty pup had no time to say anything, but when I got my revolver he left."   The two ladies named contradicted the witness upon this point.

The excluded testimony referred to in the second head note was a statement of a defense witness that, a few moments after

the alleged assault, the defendant said: "I went to tell Mrs. Morgan about a letter reporting her husband's good shooting in the Kansas team. She began screaming and ran out of the house. I don't know what's the matter with her, but I meant no harm."

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. Appellant was convicted of an aggravated assault, the ground of aggravation being, as alleged in the information, that the assault was committed with a deadly weapon.

At the request of the county attorney, the court submitted to the jury certain instructions, some portions of which seem more in the nature of an argument for the prosecution than a statement of the law. In another portion the jury are instructed that "the use of any dangerous weapon, or the semblance thereof, in a threatening manner, with intent to alarm, and under circumstances calculated to effect that object, comes within the meaning of an assault, and is an assault." Now, while the above facts may "come within the meaning of an assault," they certainly do not come within the allegations of the information, and hence no such instruction should have been submitted to the jury, because wanting in allegations. But there was no exception taken to the charge, and, this being a case of misdemeanor, we will not reverse for these errors.

Appellant proposed to prove by several witnesses that he stated to them the purpose for which he was going to the house of the prosecutrix. Under the facts of this case, though not in all cases, we are clearly of the opinion that this evidence was competent.

Appellant proved that, as a peaceable, orderly and law abiding citizen, his character was good. In rebuttal, over objection, the State proved by Sergeant John William Ennees, that since January 15, 1885, he, as first sergeant, knew the general character of the defendant in the company; that he was in his company, and that he, witness, kept a record as a soldier; it was not good; he, defendant, was in the habit of being absent without leave, drinking and gaming. And further: "I know nothing of this case; my record is as to his character as a soldier." Neither the sergeant's record nor his oral testimony was competent.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*